OPINION
Appellant, Ellen Croom, appeals from a judgment entered in the Mahoning County Common Pleas Court overruling her objections to a magistrate's decision and adopting the decision as its own. The magistrate's decision affirmed a decision of the Unemployment Compensation Review Commission denying appellant unemployment compensation benefits.
Appellant's claim stems from her employment with the Youngstown Metropolitan Housing Authority (YMHA). YMHA provides low-income housing to moderate income families throughout Mahoning County, Ohio. YMHA has a program called the Resident Employment Opportunity Program (REOP) which is open to the residents of public housing. REOP is a program specifically designed to enter residents into the workplace and provide them work experience. Although participants in the program are paid by YMHA and their wages are reported to OBES, REOP is funded separately from the operating costs for YMHA and REOP participants are not considered employees in a regular, full-time, union-rights, employee situation.
Appellant was a REOP participant from March 1997 to January 1999. She received training and gained experience as a general laborer. During this time appellant accumulated time card infractions. She failed to clock out on four occasions and was late on five occasions.
In February 1999, YMHA offered appellant employment as a mechanic's aide and laborer. The offer was contingent on appellant agreeing to two conditions. First, appellant had to obtain a valid Ohio's driver license. Second, she had to fully comply with YMHA's time and attendance policy. Specifically, due to her previous time card infractions as a REOP participant, YMHA wanted appellant to agree that she would have no time card infractions or unexcused absences from the worksite prior to the end of her probationary period. On February 26, 1999, appellant signed a written agreement setting forth these conditions and was hired. The effective date of her employment was March 1, 1999, with her probationary period ending on Monday, June 28, 1999.
Appellant's shift was from 8:00 a.m. until 4:30 p.m. Her lunch break was from 12:00 p.m. to 12:45 p.m. She was required to clock out to go to lunch and clock in on her return. On April 28, 1999, appellant was working with a weed whacker when it malfunctioned. She clocked out for lunch and decided to work on the equipment while another employee brought her lunch. After eating in the kitchen area, appellant noticed that it was 12:45 p.m. She left the kitchen area to return to work. Within a few minutes, appellant realized that she had forgotten to clock back in. Appellant went to YMHA's front office and told them that she had forgotten to clock in. She was told to write a memo about what had happened. Two weeks later her supervisor told her she was terminated for the time card infraction.
On May 20, 1999, appellant filed an application for the determination of unemployment compensation rights with the Administrator of the Ohio Bureau of Employment Services (OBES)[1]. Pursuant to a decision mailed June 14, 1999, the Administrator denied appellant's request for unemployment compensation benefits, finding that appellant had been discharged from employment for just cause. Appellant then filed a timely request for reconsideration of the June 14, 1999 decision. Pursuant to a decision mailed on June 30, 1999, the Administrator affirmed its earlier decision. Thus, appellant was denied unemployment compensation benefits. Appellant then filed a timely appeal from the Administrator's Reconsideration Decision.
Thereafter, a hearing was held on August 13, 1999, before a hearing officer of the Unemployment Compensation Review Commission (Review Commission). Pursuant to a decision mailed August 18, 1999, the hearing officer affirmed the Administrator's Decision on Reconsideration. The hearing officer concluded that appellant was discharged for just cause in connection with work. Appellant's subsequent application to institute a further appeal was disallowed by the Review Commission.
Appellant, on November 4, 1999, filed an appeal with the Mahoning County Common Pleas Court. The case was assigned to a magistrate who, in a decision filed on May 19, 2000, affirmed the Review Commission's decision. On June 2, 2000, appellant filed objections to the magistrate's decision. On July 31, 2000, the trial court overruled appellant's objections and adopted the magistrate's decision as its own. This appeal followed.
Appellant's sole assignment of error states:
 "THE REVIEW COMMISSION'S DECISION THAT CROOM WAS DISCHARGED FRO [sic] JUST CAUSE IN CONNECTION WITH WORK FOR VIOLATING HER EMPLOYER'S PROBATIONARY RULE IS UNLAWFUL, UNREASONABLE, OR AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE BECAUSE THE APPELLANT WAS OPERATING HER EMPLOYER'S BEST INTEREST DESPITE THE TECHNICAL WORK RULE VIOLATION."
Appellant argues that there was not sufficient fault on her part so that an ordinary person would find the discharge justifiable. She asserts that despite the fact she violated a technical work rule, she did not demonstrate an unreasonable disregard for her employer's best interest.
An appellate court may reverse the Unemployment Compensation Review Commission's just cause determination only if it is unlawful, unreasonable, or against the manifest weight of the evidence. Tzangas,Plakas Mannos v. Ohio Bur. of Emp. Serv. (1995), 73 Ohio St.3d 694, syllabus. While appellate courts are not permitted to make factual findings or to determine the credibility of witnesses, they do have the duty to determine whether the Review Commission's decision is supported by the evidence in the record. Id. at 696. In addition, the fact that reasonable minds might reach different conclusions is not a basis for reversal of a decision of the commission. Irvine v. Unemployment Comp.Bd. of Review (1985), 19 Ohio St.3d 15, 18.
R.C. 4141.29(D)(2)(a) prohibits the payment of benefits to an individual if the individual, "has been discharged for just cause in connection with the individual's work." Just cause, in the statutory sense, is that which, to an ordinary intelligent person, is a justifiable reason for doing or not doing a particular act. Irvine,19 Ohio St.3d at 17. What constitutes just cause is a question of fact, and the determination of purely factual questions is primarily within the province of the Review Commission. Id.
An employer may justifiably discharge an employee without incurring liability for wrongful discharge, but that same employee may be entitled to unemployment compensation benefits. Durgan v. Ohio Bur. of Emp. Serv. (1996), 110 Ohio App.3d 545, 549. This is because the determination of what constitutes just cause must be analyzed in conjunction with the legislative purpose underlying the Unemployment Compensation Act, which the Ohio Supreme Court has declared to be that of providing "financial assistance to an individual who has worked, was able and willing to work, but was temporarily without employment through no fault or agreement of his own." Irvine, 19 Ohio St.3d at 17, citing Salzl v.Gibson Greeting Cards (1980), 61 Ohio St.2d 35, 39. As the Ohio Supreme Court has also noted:
 "[w]hen an employee is at fault, he is no longer the victim of fortune's whims, but is instead directly responsible for his own predicament. Fault on the employee's part separates him from the [Unemployment Compensation] Act's intent and the Act's protection. Thus, fault is essential to the unique chemistry of a just cause termination." Tzangas, 73 Ohio St.3d at 697-698.
Thus, a consideration of the employee's fault or responsibility for her own predicament is necessary to a just cause determination. King v.State Farm Mut. Auto Ins. Co. (1996), 112 Ohio App.3d 664, 669. An employee has the burden of proving that he is entitled to unemployment compensation benefits because he was discharged without just cause.Durgan, 110 Ohio App.3d at 550.
The agreement appellant signed with YMHA stated:
 "[Y]our employment is predicated upon your compliance with the following conditions during your 120 probationary period:
"* * *
 "2. You will fully comply with YMHA's time and attendance policy; and shall have no time card infractions, or unexcused absences from the worksite prior to the end of your probationary.
"* * *
 "If you * * * violate the time card policy within the stated probationary period, your employment will be terminated."
Although appellant's infraction seems minor and the result harsh, she was on notice that any such infraction would result in her termination. Given her numerous previous time card infractions while in the REOP, it is understandable why YHMA decided to make no infractions a condition of her employment. Furthermore, her failure to clock back in after lunch was entirely a result of her own absentmindedness and cannot be attributed to any other persons or events.
In sum, the review commission's decision was not unlawful, unreasonable, or against the manifest weight of the evidence.
Accordingly, appellant's sole assignment of error is without merit.
The decision of the trial court upholding the administrative decision rendered by appellee denying appellant unemployment benefits is hereby affirmed.
 ____________ DONOFRIO, J.
Vukovich, J., concurs.
Waite, J., concurs.
[1] Effective July 1, 2000, the former Ohio Bureau of Employment Services was merged into a newly created agency, the Ohio Department of Job and Family Services.